UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22470-CIV-MARTINEZ/AOR

ISAAC GABRIEL MANCHINELLI
GRANADOS, as Personal Representative
of the ESTATE OF JUAN CARLOS
ARELLANO JIMENEZ,

      Petitioner,

v.

HSBC BANK U.S.A., N.A.,
HSBC North America Holdings,
HSBC MEXICO S.A., Institucion de
Banca Multiple, Grupo Financiero
HSBC, S.A., de C.V., HSBC Private
Bank,

      Respondents.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Petitioner Isaac Gabriel Manchinelli Granados'

("Petitioner"), as Personal Representative of the Estate of Juan Carlos Arellano Jimenez (the

"Estate"), Renewed Motion for Remand (hereafter, the "Motion to Remand") [D.E. 10].  This

matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E.

Martinez, United States District Judge [D.E. 12].  The undersigned held a hearing on this matter

on August 12, 2020 [D.E. 25].  For the reasons stated below, the undersigned respectfully

recommends that the Motion to Remand be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 6, 2020, Petitioner filed a Petition for Administration of the Estate in the Circuit

Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida ("Petition for

Administration") [D.E. 1-1].  According to the Petition, the nature of the assets in the Estate subject

to probate in the State of Florida is a "Civil Lawsuit for conversion against HSBC Bank," the

approximate value of which is an "amount to be determined."  See Petition for Administration

[D.E. 1-1 at 3].

Petitioner is the son and sole heir of Decedent Juan Carlos Arellano Jimenez ("Mr.

Arellano" or "Decedent"), a Mexican citizen.  Petitioner's address is Calle Cuvier number 15

fifteen, Colonia Anzures, Postal Code 11590, Miguel Hidalgo Borough, Mexico City, Mexico.

Id. at 2.  Decedent's last address was also in Mexico.  Id.  On April 21, 2020, the Probate Court

issued an Order Admitting Will of Nonresident to Probate and Appointing Personal

Representative, through which Petitioner became the Personal Representative of the Estate [D.E.

1-2].

On April 30, 2020, Petitioner filed a Petition for Declaratory Relief and Damages (the

"Adversarial Petition") against HSBC Bank U.S.A., N.A. ("HSBC Bank USA"), HSBC North

America Holdings ("HSBC North America"), HSBC Mexico S.A. ("HSBC Mexico"), Institucion

de Banca Multiple, Grupo Financiero HSBC, S.A. de C.V., and HSBC Private Bank, a division of

HSBC Bank USA (collectively, "Respondents").  See Adversarial Petition [D.E.1-3].

Petitioner alleged in the Adversarial Petition that Mr. Arellano had deposited money in

eight accounts with Grupo Financiero Bital S.A., which institution was subsequently acquired by

HSBC Mexico.  Id. at 21-22.  Petitioner further alleged that, as a result of a criminal investigation

by the Mexican government that commenced in 1996, the funds in those accounts were frozen.  Id.

at 22.  Petitioner further alleged that, in 2004, the various criminal proceedings against Mr.

Arellano were consolidated before an appellate judge in Mexico for a final proceeding, at the end

of which Mr. Arellano was exonerated from all wrong doing, his funds were deemed free and clear

of any government claims, and the freeze was lifted from Mr. Arellano's accounts. Id. at 22-23.

Petitioner further alleged that, in 2009, a National Banking Commission report identified eight

accounts at HSBC Mexico belonging to Mr. Arellano. Id. at 23-24.  Petitioner further alleged that

Mr. Arellano was unable to recover his funds from HSBC Mexico prior to his death in 2012.  Id.

at 12.  Petitioner further alleged that Respondents took the frozen funds for their own benefit and

transferred the funds out of Mexico and into the United States. Id. at 12.  Petitioner further alleged

that, because the Latin American division of HSBC Private Bank is in Miami, Florida, he traveled

to the United States in October 2019 to meet with bankers at HSBC Private Bank's Miami office

to request transfer of ownership of Mr. Arellano's accounts into his name. Id. at 29.  Petitioner

further alleged that Ernest Paredes ("Mr. Paredes"), a representative from HSBC Bank, was

appointed by Fahian Ambriz ("Mr. Ambriz"), an in-house attorney for HSBC Mexico, as HSBC

Mexico's account executive and agent with respect to Decedent's accounts, and that

communications regarding the Decedent's accounts in Mexico went through Mr. Paredes. Id. at

29-30.   Petitioner finally alleged that, after November 1, 2019, Mr. Paredes ceased all

communications with him and his counsel. Id. at 32.

Based on these allegations, Petitioner asserted the following eight state common law claims

in the Adversarial Petition:

- Count I: Accounting

- Count II: Unjust Enrichment

- Count III: Trespass to Chattels

- Count IV: Conversion

- Count V: Civil Theft

- Count VI: Civil Conspiracy

- Count VII: Constructive Trust

- Count VIII: Declaratory Relief

Id. at 34-42.[1]

On June 15, 2020, HSBC North America removed the Adversarial Petition to federal court

pursuant to the Court's diversity jurisdiction, asserting that the action is between Plaintiff, a citizen

of either Florida or Mexico, and HSBC North America, a citizen of New York, and that the amount

in controversy exceeds $75,000.00.  See Notice of Removal.  [D.E. 1 at 5].  At the time of removal,

only HSBC North America had been served.  Id. at 3.  On July 8, 2020, HSBC Bank USA filed its

Notice of Consent to Removal [D.E. 13].

On July 7, 2020, Petitioner filed the Motion to Remand, based on the probate exception to

federal diversity jurisdiction. See Motion to Remand [D.E. 10 at 5].  On August 4, 2020, HSBC

North America together with HSBC Bank USA, for itself and HSBC Private Bank, a division of

HSBC Bank (collectively, "Removing Respondents") filed their Opposition to Petitioner's Motion

for Remand (hereafter, "Response"), arguing: (1) that the probate exception to federal diversity

jurisdiction does not apply; and (2) that there is federal jurisdiction based on diversity of

citizenship despite Petitioner and HSBC Mexico being citizens of Mexico because HSBC Mexico,

the non-diverse party, has been fraudulently joined by Petitioner [D.E. 18 at 5, 12].  Petitioner filed

his Reply to Respondents' Opposition to Motion to Remand ("Reply") on August 11, 2020 [D.E.

22].

## STANDARD OF REVIEW

Title 28, United States Code, Section 1441, provides that "any civil action brought in a

State court of which the district courts of the United States have original jurisdiction, may be

---

[1]  Petitioner has reasserted the same causes of action in his Amended Petition [D.E. 5 at 27-32].

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over actions in which complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).

When considering a motion to remand, "the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 (11th Cir. 2007) (footnote omitted).  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."  Id. at 1214-15.

When evaluating whether the particular factual circumstances of a case give rise to removal jurisdiction, the court must "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'"  Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) (quoting Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)).

## DISCUSSION

As noted above, the parties dispute the application of the probate exception to federal jurisdiction in this case.  Additionally, the Removing Respondents contend that HSBC Mexico was fraudulently joined by Petitioner to defeat diversity jurisdiction.  The undersigned addresses these issues in turn.

### *The Probate Exception*

The probate exception is a narrow exception to federal diversity jurisdiction that only

applies to "cases that would require a federal court to (1) probate a will, (2) administer an estate, or (3) 'dispose of property that is in the custody of a state probate court.'" Catano v. Capuano, No. 18-20223-CIV, 2020 WL 639406, *3 (S.D. Fla. Feb. 11, 2020) (quoting Marshall v. Marshall, 547 U.S. 293, 311–12 (2006)).  Thus, federal courts have diversity jurisdiction to "entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, 'so long as the federal court does not *interfere with the probate proceedings.*'" Marshall, 547 U.S. at 310–11 (emphasis in original) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)).   "The general rule in determining whether a claim falls under the probate exception is whether a particular claim and the relief it seeks *interfere* with the property that is in the possession of a state probate court." Catano, 2020 WL 639406, at *3.

"Requests to return property to an estate or trust, rather than to dispose of property currently part of an estate or trust, do not fall within the probate exception because the *res* at issue is not within the probate court's jurisdiction if it was not part of the estate at the time of the decedent's death."  Id. at *6.  Specifically, a plaintiff's demand for the return of purportedly stolen funds to an estate does not bring that property within the custody of the probate court.  Id.  Rather, if the plaintiff were to prevail on such a demand, the probate court would then determine how the assets would be distributed; thereby avoiding any overlap between the federal proceeding and the probate court proceeding.  Catano, 2020 WL 639406, at *7.

In this case, Petitioner seeks to recover purportedly misappropriated assets to add to the Estate pursuant to a "Civil Lawsuit for conversion against HSBC Bank," namely, the Adversarial Petition.  Nothing in the Adversarial Petition would require this Court to distribute assets recovered by Petitioner, if any.  Therefore, there is no overlap between this action and the probate court proceedings.  Accordingly, the probate exception does not bar this Court's exercise of diversity

jurisdiction.

Petitioner likens the Adversarial Petition to a premature accounting of an estate in probate or a transfer of property that is under probate. See Motion to Remand [D.E. 10 at 8]. Petitioner relies on Stuart v. Hatcher, 757 F. App'x 807 (11th Cir. 2018), in which the Eleventh Circuit applied the probate exception to plaintiff's claim against the executor of the estate for breach of fiduciary duties and mismanagement of estate funds. Id. at 810. The Eleventh Circuit concluded that the dispute centered around the estate's assets, and the resolution of Plaintiff's claim would have required the district court to assess the current value of the estate assets and determine whether Plaintiff's interest in the estate has been reduced by the defendant's alleged mismanagement. Id. "In other words, Plaintiff asks for a premature valuation and accounting of the Estate." Id. Unlike Stuart, this case does not involve assets that are already part of the Estate. Rather, Petitioner alleges that, in 2004, the Mexican government's freeze was lifted from Mr. Arellano's accounts, but Mr. Arellano was unable to recover his funds from HSBC Mexico prior to his death in 2012. See Adversarial Petition [D.E. 1-3 at 5-12]. Those funds are not part of the Estate; hence, this action does not involve a premature valuation and accounting of the Estate.

Petitioner also relies on Fisher v. PNC Bank N.A., No. 18-22974-CIV, 2019 WL 4697593 (S.D. Fla. Sept. 25, 2019), in which the plaintiff alleged PNC Bank mishandled her deceased mother's bank account by allowing the plaintiff's brother to steal from it. The court found that the dispute fell within the probate exception because "any ruling by this Court in this case would in fact implicate the ultimate accounting of the estate, as any funds recovered from the litigation between the estate and PNC Bank would be subject to distribution among the beneficiaries of the estate." Id. at *2. Because Fischer involved funds in a bank account that was already an asset of the probate estate, it does not support Petitioner's contention that the probate exception applies

here.

Having concluded that the probate exception does not apply to this case, the undersigned next addresses the question of whether removal was appropriate pursuant to the Court's diversity jurisdiction.

### *Fraudulent Joinder*[2]

As noted above, HSBC North America removed the Adversarial Petition on the basis of diversity jurisdiction. Although HSBC Mexico has not been served, its citizenship must be considered in determining the existence of diversity jurisdiction. Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 860 (11th Cir. 2000) (noting that "two circuits have determined that an unserved party's citizenship is considered in the calculus for assessing diversity") (citing Howell v. Tribune Entertainment, 106 F.3d 215, 217-18 (7th Cir. 1997); Oppenheim v. Sterling, 368 F.2d 516, 518 (10th Cir. 1966)).[3] Thus, the presence of only Petitioner, who is an alien, on one side of the action, and of another alien, HSBC Mexico, on the other side, defeats complete diversity. Id. ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides."). The Removing Respondents seek to avoid this result by arguing that HSBC Mexico, the non-diverse party, has been fraudulently joined by Petitioner.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "When a plaintiff names a non-diverse defendant solely in order to defeat federal

---

[2] Although Petitioner does not address the fraudulent joinder argument in his Reply, the Court has a duty to ascertain its own jurisdiction. See Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction.").

[3] Removing Respondents' reliance on the fraudulent joinder argument comports with this view.

diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006). In such a case, "[t]he plaintiff is said to have effectuated a 'fraudulent joinder,' . . . and a federal court may appropriately assert its removal diversity jurisdiction over the case." Id. (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997)). The burden on the removing party to establish fraudulent joinder is a "heavy one" and the courts "must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Id. The court makes these determinations "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." Id. To establish fraudulent joinder, the removing party must show "by clear and convincing evidence" that: (1) "there is no possibility the plaintiff can establish a cause of action against the [non-diverse] defendant"; or (2) "there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) the "diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs, 154 F.3d at 1287. With regard to the first prong, "[t]he Plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Id.

Removing Respondents first argue that there is no possibility that Petitioner can prove a cause of action against HSBC Mexico in the United States on the grounds that Mr. Arellano acknowledged receipt of his funds in 2003. However, Removing Respondents concede that a second freeze was imposed in 2004, which was not lifted until 2005. See Response [D.E. 18 at 13]. Moreover, as alleged

in the Adversary Petition, a report issued by Mexico's National Banking Commission in 2009, identified eight accounts at HSBC Mexico belonging to Mr. Arellano.  And the Adversary Petition affirmatively states that Mr. Arellano had not been able to recover his funds at the time of his death in 2012.  Thus, Removing Respondents have not established by clear and convincing evidence that Petitioner cannot possibly prove a cause of action against HSBC Mexico.[4]

Removing Respondents next argue that there has been outright fraud in Petitioner's pleading of jurisdictional facts, by challenging the accuracy of Petitioner's allegations regarding the funds in Mr. Arellano's accounts.  However, there is nothing fraudulent in asserting the foreign alienage of HSBC Mexico.  Therefore, Removing Respondents have not satisfied this second prong by clear and convincing evidence. See Miller v. R.J. Reynolds Tobacco Co., 502 F. Supp. 2d 1265, 1269 (S.D. Fla. 2007) ("Defendants do not allege that there is outright fraud of jurisdictional facts in the plaintiffs' pleading: it is undisputed that Vector is a citizen of Florida.").

With regard to the third prong, Removing Respondents merely argue that Petitioner's claims against HSBC Mexico are baseless and conclusory.  This bare argument falls short of meeting the clear and convincing standard for establishing that there is no real connection in the claims against the various HSBC entities.  Indeed, Petitioner's claims pertain to the Decedent's purported bank accounts with one or more of those entities.

Given their failure to establish fraudulent joinder of HSBC Mexico under any of the three foregoing prongs, Removing Respondents cannot show diversity jurisdiction over the Adversarial Petition.  Therefore, the case is subject to remand for lack of subject matter jurisdiction.

---

[4] Removing Respondents also characterize as speculative certain allegations in the Amended Petition. However, the fraudulent joinder determination must be "based on the plaintiff's pleadings at the time of removal." Crowe, 113 F.3d at 1538.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Motion to Remand be GRANTED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 26th day of October, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez
        Counsel of Record